JOHN E. SCHWARZ *et al. v.* NATHAN SEARS *et al.*

The Court of Chancery will not prevent a mortgagee from taking possession of mort-
gaged premises, or, if he is in possession, deprive him of it, so long as there is any
thing due on the mortgage.

If a mortgagor wishes to test the validity of a statutory foreclosure in this Court, he
must file a bill to redeem. He cannot file a bill to set aside the sale, and have the
property resold, although the mortgagee may have abused the power to sell, and
purchased the property himself.

A cross-bill is necessary, where the defendant is entitled to some positive relief, be-
yond what the complainant's bill will afford him.

BILL to set aside statutory foreclosure, or for leave to
redeem.

The bill states that, September 13th, 1836, a mortgage
was given to Tunis S. Wendell, as trustee for Catharine
Schwarz, to Nathan Sears, for $2,000. That, November
3d, 1837, Sears, claiming there was then due on the mort-
gage $2,220.49, proceeded to foreclose it under the sta-
tute, and, on the sale, which took place on the thirty-first
day of January following, purchased the premises for $2,-
274.49, and took the sheriff's certificate for a deed in two
years, unless the mortgaged premises should be redeem-
ed before that time. That the statutory foreclosure was
not in accordance with the provisions and requirements of
the statute, but was radically defective, and variant there-
from, in many particulars, some of which were set out in
the bill. That, March 31st, 1838, Nathan Sears sold and
conveyed his interest in the premises to Peter Sears, to
whom a payment of $1,500 was made, January 31st, 1839,
when he agreed to wait for the balance until the first of
April following. That, April 18th, 1839, a further pay-
ment was made to him of $40, September 7th, 1839, a

payment of $10, and November 7th, 1839, a payment of $120.

The bill prayed that the statutory foreclosure might be declared to be irregular, defective, and absolutely null and void; or, in case it should be held legal, that complainants might be permitted to come in and redeem, they offering to pay whatever was due on the mortgage.

The bill was taken as confessed.

*A. D. Fraser & A. Davidson,* for complainants.

*A. W. Buel,* for defendants.

THE CHANCELLOR. The only question is as to the form of the decree to be entered. Complainants insist they are entitled to a decree setting aside the statutory foreclosure, and for their costs. Defendants, on the contrary, contend that the decree to be entered should be for a redemption of the mortgaged premises, and, in case of default, for a foreclosure and sale. In other words, they contend that the decree should be the same as if a bill had been filed to foreclose the mortgage. Neither of these positions, it appears to me, is correct. The bill is, in fact, nothing more or less than a bill for the redemption of the mortgaged premises. As such it must be considered and treated, in all respects. It asks relief on two distinct grounds: *First.* That the equity of redemption is not barred by the statutory foreclosure; and, *Second,* That, if the proceedings under the statute were regular, the foreclosure was opened, by the agreement of the parties, and the receipt of a part of the mortgage moneys under the agreement.

These two grounds for relief differ from each other; yet the relief to which complainants are entitled under either one of them is the same. It is to redeem the mortgaged premises, on paying what is due on the mortgage,

within such time as shall be allowed for that purpose by the Court; which is usually six months. This is the only relief complainants are entitled to. He who asks equity must do equity. This Court will not prevent a mortgagee from taking possession of the mortgaged premises, or, if he be in possession, deprive him of that possession so long as there is any thing due on the mortgage. *Stevens* v. *Brown, ante* 41. If a mortgagor wishes to test the validity of a statutory foreclosure, in this Court, he must file his bill to redeem. He cannot file a bill to set aside the sale, and have the property resold, although the mortgagee may have abused the power to sell, and purchased the property himself. *Goldsmith* v. *Osborn,* 1 *Edw. R.* 560 ; 2 *Ball & Beat.* 555. And, " where a mortgagee is made a party to a bill, praying relief is the same thing as praying to redeem ; for redemption is the proper relief." *Cholmley* v. *Countess Dowager of Oxford,* 2 *Atk. R.* 267. *Drew* v. *O'Hara,* 2 *Ball & Beat.* 562. There is nothing in *Denning* v. *Smith,* 3 *J. C. R.* 332, or *Sherman* v. *Dodge,* 6 *J. C. R.* 107, opposed to this doctrine. *Denning* v. *Smith* was not a statutory foreclosure of a mortgage. By a statute of the state of New York, passed in 1808, commissioners were appointed to loan money on mortgage, and, on default of the mortgagor to pay, the commissioners became seized of an absolute estate in the lands, and the mortgagor was barred of all right and equity of redemption. The commissioners were then to sell the land, and, after paying the state, to pay the surplus moneys to the mortgagor. The only question in that case was, whether the commissioners, as trustees both for the state and mortgagor, had faithfully executed the trust under the statute. The relation of mortgagor and mortgagee did not exist in the case. *Sherman* v. *Dodge,* was somewhat similar. It grew out of a sale made by

loan officers, but under a law passed in 1786.   It is not so fully reported as the case of *Denning* v. *Smith*, nor does it appear, from the report, whether an absolute discharge of the equity of redemption vested in the loan officers, on the default of the mortgagor to pay, as under the act of 1808.   The contrary, I think, is fairly to be presumed, for the complainant is mentioned as the owner of the equity of redemption.   Supposing this to be the case, it is still no authority for complainants, because the amount due to the state on the mortgage, which was less than fifty dollars, was tendered to the purchaser, and refused by him, before the complainant filed his bill.   This sum was undoubtedly paid into Court when the bill was filed.   It is not so stated, in the report of the case, but there cannot be much doubt on the subject, for an injunction was granted to stay proceedings in an action of ejectment, and, in the decree finally entered, a note given to the loan officers by the purchaser for the balance of the purchase money, over and above what was due to the state, was ordered to be cancelled, and the purchaser required to release all his interest and title under the purchase, without any mention of the money tendered, which the purchaser must have lost unless it was paid into Court for him ;—a result by no means to be presumed, as he was not so much as required to pay costs.

While the ordinary decree, therefore, allowing the complainants to redeem, must be entered, I do not feel authorized, by precedent or on principle, to go further, and decree a sale of the premises, in case they should not be redeemed.   The complainants ask to redeem; they do not ask to have the mortgaged premises sold; and, if they had done so, their bill might have been demurred to for that reason.   *Goldsmith* v. *Osborn*, 1 *Edw. R.* 560.   A cross-bill is necessary where the defendant is entitled to

some positive relief beyond what the complainant's bill will afford him. *Pattison* v. *Hull*, 9 *Cow. R.* 747. If the defendants wished to have the mortgaged premises sold, they should have filed a cross-bill. In *Hine* v. *Handy*, 1 *J. C. R.* 6, the order of the Court was that an injunction issue to stay the sale at law, on complainant's paying what should be reported due by the Master. And, in *Nichols* v. *Wilson*, 4 *J. C. R.* 115, an injunction having been granted to stay proceedings to sell, under a power contained in a mortgage, it was dissolved on terms, viz: that six weeks' further notice should be given, and that a reference should be had, in the mean time, to compute the balance due on the mortgage; on the payment of which, no sale was to be had. There was no positive relief given to the mortgagee, in either of these cases. The relief was incidental to the proceedings instituted by the mortgagor, and the mortgagee was at liberty to sell under the power of sale, unless the mortgagor, within a specified time, paid him what was due on the mortgage.

As there has, already, been a reference to a Master, to ascertain the amount due to the defendants, and his report has been confirmed, there must be a decree entered that complainants pay to defendants the amount reported due, with interest from the date of the report, and defendants' costs, to be taxed, within six months; and that, thereupon, defendants reconvey the mortgaged premises to complainants, by a proper deed, to be settled by a Master, free and clear of all incumbrances made or charged by them, or either of them, or any person claiming by or under them, or either of them, and deliver up all deeds and writings in their custody or power, relating to the mortgaged premises. And, in default of complainants' paying the amount reported due with interest and costs, within the six months, the bill to be dismissed with costs to defendants.